By the Court,
Grisike, Judge.
The question made, whether the. Supreme Court had jurisdiction of the writ of certiorari, it is hardly necessary to examine. No principle is better established than this, that where an inferior court proceeds according to the course of the • common law, its proceedings are revised by writ of error;' and when it does not proceed in that mauner, its orders are only examinable by certiorari. In England, the remedy by certiorari is two-fold ; to remove'a case for trial into the court above, or merely to enquire into-the correctness of its orders. We have dropped the first mode, and. *142 .adopted the last. There was no judgment upon which a writ of error would lie, but only an order, and for that reason the writ of certiorari was,the proper remedy. The case is also free from any * embarrassment in consequence of the suit in chancery; for, admitting that the commencement of the lien of Walpole’s judgment should be referred to the period when a decree was pronounced, the question still remains, has he a preference as regards other judgment creditors ? The lien as between the debtor,- and a purchaser from him, may have been preserved, while at the same time it may have been lost as between Walpole and other execution creditors.
It appears that this judgment was rendered in September, 1826, and that no entire year has since elapsed, when executions were not held -either by the sheriff of Knox or of Coshocton counties. These executions have been levied on other property, but there was no levy on this land, until after the levy in favor of Dalrymple and Struble. Under these circumstances, although the lien of Walpole’s judgment may still have existed, his preference as an execution creditor was gone. Wright, 447. But Walpole purchased during the existence of the order of the court of Common Pleas, which determined the priority of his right. As that order was afterwards reversed, he must -necessarily be affected by the consequences. It is not the case of a purchase under a judgment. As to that, the rule in England is sometimes thus stated : that where a judgment is reversed, it does not vacate the sale of personal property, but where the execution is levied •on land, the title is vacated. The reason why the rule is thus stated, is that where land is seized, it is never sold, but is extended, and delivered to the execution creditor. And if this were a sale under a judgment, and that judgment had been reversed, perhaps some analogy might be drawn between the two cases, if a purchase by a judgment creditor under execution in Ohio, is the same as an extent in England. But it is unnecessary to give any opinion on that point; as it was an interlocutory order, and not the judgment which was reversed.
Judgment for defendant.